IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Leo McClam, ) | C/A No.: 1:15-3055-TLW-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Emmie Jefferson, et. al; Dr. N.F.N. ) | REPORT AND RECOMMENDATION |
| Cross; Monique Lee; Judy Dupree; Dr. ) | |
| N.F.N. Porter; Dorris Giger; Janice ) | |
| Thomas; Dr. N.F.N. McDonald; Kia ) | |
| Wilson; and Sheriff Kenny Boone, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Leo McClam ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. Plaintiff sues Emmie Jefferson, Dr. Cross, Monique Lee, Judy Dupree, Dr. Porter, Dorris Giger, Janice Thomas, Dr. McDonald, Kia Wilson, and Sheriff Kenny Boone ("Defendants").[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

---

[1] It appears that Plaintiff has been civilly-committed to the custody of the South Carolina Department of Mental Health ("SCDMH"). The address he provided to the court is the same as the administrative office for SCDMH's sexually violent predators treatment program.

I.    Factual and Procedural Background

Plaintiff has previously filed three actions in this court alleging false detainment, false arrest, and forced administration of medication. *McClam v. Livingston*, C/A No. 3:15-362-TLW-SVH ("*McClam I*"); *McClam v. Farier*, C/A No. 1:15-1190-TLW ("*McClam II*"); *McClam v. Martain*, C/A No. 1:15-1276-TLW (*McClam III*).[2] As in his previous cases, Plaintiff alleges he had warrants placed on him in September 20, 2010, and February 5, 2013, for failure to register as a sex offender, 2nd offense. [ECF No. 1 at 3]. Plaintiff argues this is double jeopardy. *Id.* Plaintiff states that after he was locked up twice for the same crime, he had both charges expunged. *Id.* Plaintiff cites to a letter dated March 5, 2012, from the Florida Department of Law Enforcement that informed Plaintiff that he no longer meets the criteria to register as a sexual offender in the State of Florida. [ECF No. 1-1].

Plaintiff further alleges Drs. Cross and McDonald forced psychotropic medical injections on him. [ECF No. 1 at 3–4]. Plaintiff argues it is against the law to force psychotropic medication on a person in a treatment facility. *Id.* at 4. Finally, Plaintiff argues McDonald and Cross violated double jeopardy by falsely detaining him in an SCDMH treatment program for failure to register as a sex offender. *Id.* Plaintiff claims these doctors knew he registered his motel room when he went to Horry County. *Id.* Plaintiff seeks injunctive relief and monetary damages. *Id.* at 5.

---

[2] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that the most frequent use of judicial notice is in noticing the content of court records); *Fletcher v. Bryan*, 175 F.2d 716, 717 (4th Cir. 1949).

II.     Discussion

    A.     Standard of Review

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently

cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1.    Insufficient Factual Allegations (Jefferson, Lee, Dupree, Porter, Giger, Thomas, Wilson, and Boone)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. Plaintiff provides no factual allegations regarding Jefferson, Lee, Dupree, Porter, Giger, Thomas, Wilson, and Boone. Accordingly, these defendants are entitled to summary dismissal from the action.

        2.    False Detainment/Double Jeopardy (Cross and McDonald)

Plaintiff alleges Drs. Cross and McDonald caused him to be falsely detained in the SCDMH treatment program. [ECF No. 1 at 4]. In *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate

4

that the conviction or sentence has been previously invalidated. Federal courts have also ruled that *Heck v. Humphrey* and its "favorable termination" requirement applies to civil rights challenges lodged against civil commitment orders. *See Turner v. Johnson*, 466 F. App'x 214 (4th Cir. 2012); *see, also, Banda v. N.J. Special Treatment Unit Annex*, 164 F. App'x 286, 287 (3rd Cir. 2006) (finding that *Heck* barred civilly-committed detainee's lawsuit that challenged the legality of his commitment proceedings "because a favorable outcome would necessarily imply the invalidity of his confinement"); *Talbot v. Loya,* No. 4:03-3400, 2005 WL 2765131 at *2 (D. Neb. 2005) ("[t]he principles and objectives expressed in *Heck v. Humphrey* apply as well to a person subject to an involuntary civil commitment as to a convicted prisoner serving a sentence").

Although Plaintiff contends his charges have been expunged and cites to a letter from the Florida Department of Law Enforcement, Plaintiff provides no facts to demonstrate he has successfully challenged his SCDMH civil commitment. [ECF No. 1 at 4; ECF No. 1-1]. Accordingly, Plaintiff's claims for false detainment are barred by *Heck*, and the undersigned recommends that these claims be summarily dismissed. *See Harvey v. Horan*, 278 F.3d 370, 375 (4th Cir. 2002) (applying *Heck* to claims for injunctive relief), abrogated on other grounds by *Skinner v. Switzer*, 562 U.S. 521, 533–36 (2011); *Preiser v. Rodriguez*, 411 U.S. 475 (1973) (holding that habeas corpus is the exclusive remedy for challenging the fact or duration of a prisoner's confinement and seeking immediate or speedier release).

Additionally, to the extent Plaintiff alleges a violation of the double jeopardy clause, his claim fails because involuntary civil commitment does not violate the double

5

jeopardy clause. *See In re Matthews*, 550 S.E.2d 311, 316 (S.C. 2001) (holding South Carolina's Sexually Violent Predator Act, which provides the process for involuntary civil commitments of sexually violent predators, does not violate the Double Jeopardy Clause of the Constitution because it does not constitute punishment). Therefore, Plaintiff has not been punished in violation of the double jeopardy clause.

        3.      Duplicate Claim

Plaintiff's allegation that he is being forcibly medicated is being addressed by this court in his pending § 1983 action. *See McClam I*. Accordingly, the instant forced-medication claim should be summarily dismissed in the interests of judicial economy and efficiency. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time.").

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the complaint be dismissed without prejudice and without issuance and service of process.

    IT IS SO RECOMMENDED.

*Shiva V. Hodges*

August 19, 2015                                Shiva V. Hodges
Columbia, South Carolina               United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).